Deaueeick, Ch. J.,
delivered the opinion of the court:
Plaintiff obtained a judgment before a magistrate of Warren county, against one Joseph Towles. The judgment was rendered 3d of May, 1873. Towles appealed, and defendant, Murry, became his surety on his appeal bond. The bond recites correctly the parties, the amount of the judgment, the prayer for, and grant of the appeal, and is taken, as also appears from its face, to the circuit court, to be held on the fourth Monday in May, 1873, from a judgment rendered as recited on the 3d, or about, etc. The magistrate’s judgment was rendered on 3d of May, 1873, but the bond bears date 5th of April, 1873, instead of 5th of May, 1873, thirty days after the rendition of the judgment, the time at which it was, in fact, executed.
After a number of continuances, the cause was tried at January term, 1875, of the circuit court, and a verdict was rendered in favor of plaintiff for about the sum and interest for which the magistrate had given judgment, and on plaintiff’s motion for judgment against Murry, the surety on the bond, as well as against Towles, the principal, the circuit court refused to render the judgment against the surety, upon the ground that the bond bore date before the date of the judgment, and it was not ad *626 missible to show by parol evidence that the bond was executed on a different day from that of its date. We think the fact disclosed in the record, and the recitals in the bond itself, satisfactorily show that the date, 5th of April, 1873, was a clerical mistake, and that the bond was executed after the rendition of the judgment of 3d of May, and as an appeal bond in that case, and it was so treated by the justice, and by the circuit court, and that the surety was liable thereon, upon failure to prosecute said appeal successfully. But it is insisted that the stipulations of the bond do not warrant the rendition of a judgment against the surety. The obligation is to well and truly to abide by such judgment as may be rendered by the court in the cause. The suit was brought upon a promissory note, and although it is usual in such cases to insist on express obligation to pay the debt or judgment, yet we think the language employed, to abide by the judgment of the court, is of equivalent signification.
It was error, therefore, in the circuit judge to refuse to render judgment against the surety for the amount found due by the jury, and costs of appeal, provided said sums do not exceed two hundred and fifty dollars, the amount of the penalty of the bond. Judgment will be rendered here in conformity to this opinion.